Donald L. Myles, Jr., Bar #007464
Alexander R. LaCroix, Bar #030166
Nicole M. Prefontaine, Bar #035543
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7842
dmyles@jshfirm.com
alacroix@jshfirm.com
nprefontaine@jshfirm.com

Attorneys for Defendant 3 Stores LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kathryn D. Willis, | NO. |
| Plaintiff, | **Notice of Removal** |
| v. | |
| Tractor Supply Company, a Tennessee Corporation; 3 Stores LLC, an Arizona Limited Liability Company; John and Jane Does I-X; ABC Partnerships I-X; and XYZ Corporations I-X, | |
| Defendants. | |

Defendant 3 Stores LLC, ("Defendant") hereby files the following notice of removal of this action currently pending in the Superior Court of the State of Arizona, County of Navajo, No. S0900CV202000349, to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§§ 1332, 1441, and 1446. As grounds for removal, Defendant states as follows:

## I.     PROCEDURAL HISTORY

1.     The above captioned case commenced when Plaintiff Kathryn D. Willis ("Plaintiff") filed a complaint in Navajo County Superior Court on or about, September 11, 2020. *See* Plaintiff's Complaint, along with the complete Superior Court file, attached as **Exhibit A**.

8995000.1

2.     Defendant 3 Stores LLC was served on or around November 19, 2020.

## II.     TIMELINESS OF REMOVAL

1.     Under 28 U.S.C. § 1446(b), a defendant is provided thirty days from the date of service of a complaint within which to file a notice of removal to federal court.

2.     This Notice of Removal, therefore, is timely.  *See* 28 U.S.C. § 1446(b).

3.     A Notice of Filing Notice of Removal was filed in Navajo County Superior Court.  *See* Notice of Filing Notice of Removal, attached as **Exhibit B.**

4.     Counsel for Defendant Tractor Supply confirmed via telephone on December 18, 2020 and in writing on December 21, 2020 that she has no objection to removal and expects client consent, however, she is still awaiting formal confirmation of that consent, which is expected on or before end of business on December 23, 2020.

## III.     BASIS FOR REMOVAL

1.     This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because:  (1) there is complete diversity of citizenship between Plaintiff and Defendant; and (2) the matter in controversy, excluding interest and costs, appears to exceed the sum or value of $75,000.00.  *See* 28 U.S.C. § 1332(a).

### A.     Diversity of Citizenship

1.     As stated in the Complaint, Plaintiff resides in the city of Lakeside, Navajo County, Arizona.  *See* Complaint at ¶ 3.  Plaintiff is thus a citizen of Arizona.

2.     Defendant 3 Stores LLC was incorporated in Delaware.  *See* Corporation Commission webpage, attached as **Exhibit C**.  Defendant is thus a

citizen of Delaware.

3.      Defendant Tractor Supply was incorporated in Tennessee.  *See* Complaint at ¶ 4. Defendant is thus a citizen of Tennessee.

4.      There is, therefore, complete diversity of citizenship between Plaintiff and Defendants, and the diversity of citizenship requirement is satisfied.

### B.      Value of Matter in Controversy

1.      Plaintiff alleges that Defendants' conduct caused her serious physical, economic and emotional injuries. *See* Complaint at ¶¶ 29, 32. Specifically, Plaintiff alleges that she suffered injuries to her left elbow, forearm, and a fractured wrist.  Plaintiff's March 13, 2020 demand to Tractor Supply claims that she has incurred $36,639.78 in medical damages and has demanded $175,000.00 to resolve the claim.

**2.**      Additionally, Plaintiff alleges punitive damages against Defendants. *See* Complaint at p. 7.

3.      Plaintiff certified this as a Tier 2 case, indicating that the damages sought in this case are between $50,000 – 300,000.00.

4.      Considering the allegations in Plaintiff's Complaint and demand letter, Defendant believes, in good faith, that the amount in controversy is sufficient to meet the jurisdictional threshold of $75,000.00. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)("[S]uch requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount").

6.      Thus, under 28 U.S.C. §1332(a), this Court has jurisdiction over this matter because the parties hereto are citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

**WHEREFORE**, Defendant respectfully requests that the above action now pending in Navajo County Superior Court be removed to this Court.

DATED this 21st day of December 2020.

JONES, SKELTON & HOCHULI, P.L.C.


By */s/ Donald L. Myles, Jr.*
   Donald L. Myles, Jr.
   Alexander R. LaCroix
   Nicole M. Prefontaine
   40 North Central Avenue, Suite 2700
   Phoenix, Arizona  85004
   Attorneys for Defendant 3 Stores LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December 2020, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.  I have mailed the foregoing document to the following non-CM/ECF participants:

David G. Moore
Moore Law, PLLC
2707 S. White Mountain Rd., Ste. H
Show Low, Arizona 85901
dave@moorelawaz.com
Attorney for Plaintiff

Elizabeth S. Fitch
Linda Tivorsak Bird
Righi Fitch Law Group, PLLC
2999 N. 44th Street, Suite 215
Phoenix, Arizona 85018
beth@righilaw.com
linda@righilaw.com
Attorneys for Tractor Supply Company

/s/ *Gail Hardin*